IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT W. CALHOON, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-11-725-D |
| | ) |
| CIMAREX ENERGY CORPORATION, | ) |
| INC. and QEP ENERGY COMPANY, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion to Remand to State Court [Doc. No. 17], which challenges the existence of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff contends this case was improperly removed because Defendant QEP Energy Company ("QEP"), like Plaintiff, is a citizen of Oklahoma; Plaintiff asserts that QEP's principal place of business is Tulsa, Oklahoma. Plaintiff also challenges whether the jurisdictional amount is satisfied; he argues that his Petition does not claim an amount of damages in excess of $75,000. *See* Pl.'s Motion [Doc. No. 17] at 8.

Defendants have responded in opposition to the Motion by relying on a declaration filed with the Joint Notice of Removal stating facts to show that QEP's principal place of business is Denver, Colorado. Defendants further note that the amount in controversy is determined by the allegations of Plaintiff's pleading, which seeks both a declaratory judgment regarding the validity of an oil and gas lease and a tort-based recovery of compensatory and punitive damages. The time for filing a reply brief has expired, and thus, the Motion is at issue.

The same issues raised by the instant Motion were presented in a related case between the same parties, and decided adversely to Dr. Calhoon in the context of a motion to dismiss the related

case, which is an original action for declaratory relief regarding the same lease, pursuant to Fed. R. Civ. P. 12(b)(1). *See Cimarex Energy Co. v. Calhoon*, Case No. CIV-11-525-D, Order (W.D. Okla. Aug. 1, 2011). Upon consideration of the parties' filings in this case, the Court finds that its prior ruling was correct. In *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010), the Supreme Court endorsed the "nerve center" test for determining a corporation's principal place of business under 28 U.S.C. § 1332(c), that is, "the place where a corporation's officers direct, control, and coordinate the corporation's activities." The Court stated "in practice it should normally be the place where the corporation maintains its headquarters." *Id*.

Here, Defendants have presented competent evidence through a declaration of QEP's vice president and general counsel, Eric Dady, made under penalty of perjury as required by 28 U.S.C. § 1746. Mr. Dady attests that QEP's corporate headquarters are located in Denver, that the majority of QEP's officers and executives reside in Denver, and that its executive offices are located in, and executive control is exercised from, Denver and Salt Lake City, Utah. In contrast, Plaintiff points to facts relevant to the business activities test, such as where QEP owns property and conducts operations. These facts are inconsequential under *Hertz*.[1] Accordingly, the Court finds no dispute of fact bearing on the issue of QEP's corporate citizenship, which lies in Colorado.

Further, the Court easily finds that the amount-in-controversy requirement is satisfied. Plaintiff discusses only the value of his declaratory judgment claim and ignores his tort claim because it is "the subject of a motion to dismiss." *See* Pl.'s Motion [Doc. No. 17] at 8. However, a pleading "that presents a combination of facts and theories of recovery that may support a claim

---

[1] Plaintiff primarily relies on QEP's Form 10-K filing with the Securities and Exchange Commission, which the Supreme Court expressly cited in *Hertz* as an example of insufficient proof. In any event, Plaintiff takes certain language in the Form 10-K out of context and ignores an express statement that QEP "is headquartered in Denver, Colorado." *See* Pl.'s Motion, Ex. 4 [Doc. No. 17-4] at 2.

in excess of $75,000 can support removal." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). Here, Plaintiff asserts both a declaratory judgment claim, which places in controversy "the value of the object of the litigation," *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), and a tort claim, which seeks damages "in excess of $10,000.00" and punitive damages. "The Tenth Circuit has followed what has commonly been referred to as the 'either viewpoint rule' which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). Further, under Oklahoma law, a successful plaintiff seeking to recover punitive damages may be awarded an amount up to $100,000.00. *See* Okla. Stat. tit. 23, § 9.1(B). Accordingly, the Court cannot say that it appears "to a legal certainty" that Plaintiff cannot recover the jurisdictional amount. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994).[2] Therefore, the Court finds the existence of subject matter jurisdiction under 28 U.S.C. § 1332(a).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand to State Court [Doc. No. 17] is DENIED.

---

[2] As observed by the court of appeals:

> The legal certainty standard is very strict. As a result, it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied. . . . Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction.

*Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003) (citations and footnote omitted).

IT IS FURTHER ORDERED that, because the parties have not filed any timely response to the Order of August 1, 2011, in Case No. CIV-11-525-D, directing them to show cause why the two cases should not be consolidated, the Court will enter a separate order for consolidation.

IT IS SO ORDERED this 6th day of September, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE